**SIGNED THIS: April 14, 2010**

                              **GERALD D. FINES**
                       **UNITED STATES BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                                        )
                                         )
DONALD V. ROBINSON and      ) Bankruptcy Case No. 09-92131
SUZETTE Y. ROBINSON,            )
                                         )
              Debtors.             )

<u>OPINION</u>

This matter having come before the Court on a Motion for Relief from Automatic Stay filed by Creditor, American General Financial Services of Illinois, Inc. (American General), Objection to Motion for Relief from the Automatic Stay filed by the Debtors, and Amended Motion to Avoid Nonpossessory Nonpurchase-Money Security Interest filed by the Debtors; the Court, having heard arguments of the parties, reviewed written memoranda of law filed by the parties, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

<u>Findings of Fact</u>

The material facts in this matter are not in significant dispute and are, in pertinent part, as follows:

1. The Debtors filed for relief under Chapter 7 of the Bankruptcy Code on October 9, 2009.

2. The Debtors are the owners of a 1997 Toyota Avalon, which was listed on Schedule B of Debtors' bankruptcy petition.

3. Creditor, American General, claims a properly perfected security interest in the Debtors' 1997 Toyota pursuant to a loan agreement with the Debtors and its listing as a lienholder on the Certificate of Title to the subject vehicle.

4. The Debtors are delinquent in their payments to Creditor, American General, and, as a result, American General filed a Motion for Relief from the Automatic Stay on February 10, 2010, seeking to obtain possession of the 1997 Toyota.

5. The Debtors have filed an Objection to Motion for Relief from the Automatic Stay of American General and, in addition, seek to avoid the lien of American General as an impairment to the Debtors' tools-of-trade exemption.

## Conclusions of Law

The issue before the Court is whether Debtors can claim an automobile as a tool of trade, thus qualifying for the exemption afforded by Illinois law. The parties have thoroughly briefed the issue and the matter is now ripe for ruling by the Court.

Illinois has opted out of the Federal Exemption Scheme and requires debtors in bankruptcy to use only those exemptions available under Illinois law. 735 ILCS 5/12-1201. Pursuant to 735 ILCS 5/12-1001(d), each debtor is allowed to exempt his or her equity interest "not to exceed $1,500 in value, in any implements, professional books, or tools of the trade . . ." The Illinois exemption statute does not define "tools of the trade." The Seventh Circuit, in interpreting "tools of the trade," from § 522(d)(6) of the Federal Exemption Scheme has ruled that a narrow interpretation of "tools of the trade" is appropriate. See: In re Patterson, 825 F.2d 1140 (7th Cir. 1987). In Patterson, the Seventh Circuit found that the purpose of the tools of trade

exemption is to enable an artisan to retain tools of modest value so that he is not forced out of his trade. Id. at 1146.

The Seventh Circuit's holding in Patterson, supra, has been applied to the Illinois tools of trade exemption by numerous bankruptcy courts sitting in Illinois and elsewhere. In In re Montano, 98 B.R. 390 (Bankr. N.D. Ill. 1989), a debtor's claim of tool of the trade exemption in a motor vehicle needed for transportation to and from work was denied. In that case, the Court reasoned that, in order for a vehicle to be a tool of trade, it must be directly used in the business and perhaps specifically outfitted to assist in the performance of the trade or business. However, Montano is distinguishable from the instant case. In the instant case, the Debtors have shown that the automobile in question is not just necessary for his transportation to and from work. The automobile in question is essential to his employment. The Debtor, Donald V. Robinson, is required to supply his own vehicle to visit customers and to deliver product.

The instant case is factually similar to the case of In re Hively, 358 B.R. 752 (Bankr. C.D. Ill. 2007), in which the Court found that a cargo trailer specifically used to haul the debtor's equipment to various job sites was a tool of the trade subject to exemption under 735 ILCS 5/12-1001(d). As in Hively, the Court finds that the vehicle in question in this case is of modest value and its possession and use by the Debtor, Donald V. Robinson, is necessary to his continuing employment.

The Court's decision in Hively is based upon the same rational used in other jurisdictions finding that an automobile can be exempt as a tool of the trade to facilitate a debtor's fresh start by maximizing his or her ability to continue to generate income from the debtor's pre-petition business or profession. See: In re Giles, 340 B.R. 543 (Bankr. E.D. Pa. 2006); In re Graettinger, 95 B.R. 632 (Bankr. N.D. Iowa 1988); In re Thompson, 263 B.R. 134 (Bankr. W.D. Okla. 2001); and In re Banke, 275 B.R. 317 (Bankr. N.D. Iowa 2002). Based upon the authority of Hively, supra, and the cases cited from other jurisdictions, the Court finds that the Debtors in this case may exempt a total of $3,000 in value on the subject vehicle as a tool of the trade exemption

pursuant to 735 ILCS 5/12-1001(d). From the pleadings filed in this case, the Court finds that the parties agree that the value of the subject vehicle is no more than $2,825. As such, the lien of American General is avoided in its entirety pursuant to 11 U.S.C. § 522(f). As a result of this finding, the Court finds that the Amended Motion to Avoid Nonpossessory Nonpurchase-Money Security Interest filed by the Debtors must be allowed, and the Motion for Relief from Automatic Stay filed by American General must be denied.

###